IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

KIMBERLY KAY WILLIAMSON,

                Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

No. 1:21-CV-452 (MAC)

## REPORT AND RECOMMENDATION

The claimant, Kimberly Kay Williamson, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The District Court referred the case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned finds that the Administrative Law Judge ("ALJ") erred in assessing the medical opinion evidence and that remand is warranted.

## I.  FACTUAL AND PROCEDURAL HISTORY

Williamson filed applications for Title II Social Security Disability Insurance and Title XVI Supplemental Security Income benefits on August 15, 2019 and September 23, 2020, respectively. (Tr. 15, 70.)  In both applications, she claimed disability beginning June 14, 2019, due to herniated disc, back problems, and neck problems.  (Tr. 56-57.)  Williamson's claims were denied initially on February 20, 2020 (Tr. 70), and upon reconsideration May 19, 2020 (Tr. 85).  Her administrative hearing was held on December 19, 2020 (Tr. 34-44) before Administrative Law Judge ("ALJ") Thomas Helget, who ultimately issued an unfavorable decision dated January 7, 2021.  (Tr. 15-29.)

ALJ Helget utilized the five-step sequential analysis model specified by regulations and approved by courts.[1]  At step one, ALJ Helget found that Williamson has not engaged in substantial gainful activity since the alleged onset date.  (Tr. 17-18.)  At steps 2 and 3, ALJ Helget determined that she had the following severe impairments: degenerative disc disease of the cervical and lumbar spines, sciatica, osteoarthritis in multiple joints, neuropathy, major depression, and anxiety, none of which meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).[2]  (Tr. 18, 20-21.)  ALJ Helget determined that Williamson has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 419.967(b) except that she can:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday with normal breaks. There should be no climbing of ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. Reaching overhead is limited to occasionally, bilaterally. She can frequently do gross handling and fine fingering with the bilateral upper extremities. [Plaintiff] is able to understand, remember, and carry out detailed, but not complex instructions, but no work performed in a fast-paced production environment.

 (Tr. 24.)  At step four, ALJ Helget concluded that Williamson was not capable of performing any of her past relevant work, but could perform other light, unskilled work in the national

---

[1]      To determine whether a claimant is disabled, the Commissioner's analysis proceeds along five steps.  *See* 20 C.F.R. § 404.1520(a)(4); *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).  The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work.  *Id*.

[2]      ALJ Helget considered Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), 11.14 (peripheral neuropathy), 12.04 (depressive, bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders).  (Tr. 21-22.)

economy as an office helper, office cleaner, and fast food worker.[3]  (Tr. 27-28).  Thus, ALJ

Helget found that she is not disabled. (Tr. 29.)  The Appeals Council denied review on June 21,

2021, making this decision the final decision of the Commissioner.  (Tr. 1-3.)  Williamson filed

this lawsuit to challenge the Commissioner's decision. This court has jurisdiction of this action

pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  JUDICIAL REVIEW

This court reviews the Commissioner's denial of social security disability benefits "only

to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether

the Commissioner used the proper legal standards to evaluate the evidence."  *Keel v. Saul*, 986

F.3d 551, 555 (5th Cir. 2021) (quotation marks and citation omitted).  Substantial evidence is

merely enough that a reasonable mind could arrive at the same decision; though the evidence

"must be more than a scintilla[,] it need not be a preponderance."  *Taylor v. Astrue*, 706 F.3d

600, 602 (5th Cir. 2012) (quotation marks and citation omitted).

Reviewing courts, therefore, give the Commissioner's decisions great deference.  *See*

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Courts may not re-weigh evidence, try

issues *de novo*, or substitute their judgments for those of the Commissioner.  *Bowling v. Shalala*,

36 F.3d 431, 434 (5th Cir. 1995).  A court cannot reverse the Commissioner simply because the

court might have decided the case differently in the first instance.   *Elfer v. Texas Workforce*

*Commission*, 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.

1995) (stating that the court may not "substitute [its] judgment for that of the Secretary").

Rather, it is for the Commissioner to weigh evidence and resolve conflicts.  *See Selders v.*

*Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

---

[3]     Williamson has past relevant work as a tool clerk, fire watcher, veterinarian assistant, and construction
helper.  (Tr. 27.)

### III.  POINTS OF ERROR AND RESPONSE

Williamson raises two points of error on appeal.  First, that ALJ Helget failed to properly evaluate the medical opinion evidence consistent with Agency authority and Fifth Circuit precedent.  Second, she claims that ALJ Helget's mental RFC determination is not supported by substantial evidence because he failed to reconcile the RFC with the persuasive opinion of the consultative examiner, Dr. Correia.  (Doc. No. 20, p. 14.)

The Commissioner responds that contrary to Williamson's allegations, ALJ Helget properly addressed the medical opinion evidence in accord with the new, relevant regulations and that substantial evidence supports his decision.  She further contends that the ALJ's analysis of her mental RFC is supported by the record and entitled to judicial deference.  The undersigned recommends remanding her case based on the first argument presented, and therefore declines to address the second point of error.

### IV.  EVALUATION OF MEDICAL OPINION EVIDENCE

Pursuant to the revised rules for evaluating medical opinions, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 404.1520c(b). When evaluating whether a medical opinion is persuasive, the ALJ considers five factors: 1) supportability; 2) consistency; 3) the relationship with the claimant; 4) specialization; and 5) other factors which "tend to support or contradict the opinion." *Id*. § 404.1520c(c).  When addressing the sufficiency of an ALJ's persuasiveness discussion under § 404.1520c(b)(2), one court described the ALJ's obligation as follows:

> An ALJ's persuasiveness discussion is critical to his analysis and . . . must provide the Court with an 'adequate discussion' of his reasons for finding a particular medical opinion to be persuasive or unpersuasive. The measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence,

and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof. Stated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding.

*Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 500 (S.D. Miss. 2021) (citing *Pearson v. Comm'r*, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021); *Kilby v. Kijakazi*, No. 4:20-CV-03035, 2022 WL 1797043, at *4 (S.D. Tex. Mar. 15, 2022). The most important factors in this analysis are supportability and consistency. *See id.*; 20 C.F.R. § 404.1520c(b)(2) (The ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior medical findings in [his] determination or decision.").

"Supportability" focuses on how well the medical evidence and supporting explanations given by the medical provider support the provider's opinion. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."); *see also, Vellone v. Saul*, 1:20-cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) ("[T]he strength of a medical opinion increases as the relevance of the objective evidence and explanations presented by the medical source increase." (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency," on the other hand, is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." (*Id.*)

## V.  DISCUSSION

Wesley Palmer, D.O., treated Williamson for neck and low back pain. (Tr. 305-347.) Records show that he first treated her in August 2015, but did not examine her again until March 29, 2018. (Tr. 302-311.) Dr. Palmer treated Williamson consistently beginning in March 2018, (Tr. 305-311), and referred her for an MRI of the cervical spine, which was done on June 18,

2018.   (Tr. 312-313.)   Dr. Palmer examined Williamson on September 4, 2018 (Tr. 318),

February 7, 2019 (Tr. 328-331), February 15, 2019 (Tr. 333-336), and July 10, 2019 (Tr. 343-

347).  He referred her to a neurosurgeon, Marco Silva, M.D., who examined her on September 1,

2018, and provided a summary of his findings to Dr. Palmer.  (Doc. No. 302-303).  On August

26, 2019, Dr. Palmer completed a *Physical Assessment Form* (Tr. 354-355), which ALJ Helget

summarized in his decision:

> Diagnoses included chronic neck and lower back pain and lumbar disc disease.
> Her symptoms associated with her impairments were constantly severe enough to
> interfere with the attention and concentration required to perform simple work-
> related tasks.   She would need to recline or lie down during an eight-hour
> workday in excess of typical work breaks.  She could walk one block without rest
> or significant pain.  She could sit for three hours and stand and/or walk for two
> hours.  She would need to take three to four unscheduled breaks per day lasting 20
> to 30 minutes each day.  She could lift and/or carry up to ten pounds occasionally.
> The claimant would have limitations in doing repetitive reaching, handling, or
> fingering. Reaching would be limited to 30% bilaterally.  She would miss more
> than four times a month as a result of their impairments or treatment.

(Tr. 26.)   In addressing the persuasiveness attributed to Dr. Palmer's physical assessment of

Williamson, ALJ Helget explained:

> Dr. Palmer indicated that the claimant had a history of chronic neck and low back
> pain, which limited her ability to do her job. The undersigned finds this opinion
> unpersuasive as it is too restrictive and not consistent with the evidence, including
> the physician's own treatment records.

(Tr. 26) (internal citations omitted).

Here, ALJ Helget found Dr. Palmer's opinion evidence "unpersuasive" because it is

inconsistent with the evidence, including the physician's own treatment records. (*Id.*)  However,

ALJ Helget does not provide a pinpoint cite or other description for any conflicting evidence, but

rather refers to over fifty pages of Dr. Palmer's treatment notes.  ALJ Helget's explanation might

be sufficient under § 404.1520c—*if* the doctor's treatment notes strayed from the limitations

assessed, he identified the clear inconsistences, and his finding is supported by substantial

evidence. *See Brent v. Kijakazi,* No. 3:21-CV-246-FKB, 2022 WL 16009198, at *3 (S.D. Miss. Sept. 19, 2022) (reviewing courts "will now look first and foremost simply to whether substantial evidence exists to support an ALJ's opinion and not whether one opinion was correctly weighted in relation to any other(s)"); *Cooley*, 2021 WL 4221620, at *6 (finding that the "measuring stick" for an adequate discussion is whether findings are supported by substantial evidence and does not require speculation about the reasons behind the ALJ's persuasiveness findings); *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (recognizing that, under § 404.1520c, an applicant's "treating physicians are not entitled to special deference," and reviewing ALJ's analysis under this regulation for substantial evidence); *compare with Webster v. Commissioner*, No. 3:19-cv-97-DAS, 2020 WL 760395, *3 (N.D. Miss. Feb. 14, 2020), aff'd, 19 F.4th 715 (5th Cir. 2021) (affirming where ALJ made specific references to the record, and substantial evidence supports his decision); *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (affirming where ALJ found opinion evidence unpersuasive and referenced specific records that were inconsistent with the doctor's opinion); *Chunn v. Comm'r of Soc. Sec. Admin.*, No. 320CV00667KHJBWR, 2022 WL 4225394, at *2 (S.D. Miss. Sept. 13, 2022) (finding that the ALJ's explanation was adequate where he referenced x-rays, doctor's evaluation, and nurse's treatment notes to find the opinion evidence "not supported by the overall evidence of record").

The undersigned finds that ALJ Helget's explanation fails the specificity threshold of § 404.1520c for two reasons. First, ALJ Helget's reference to the entire evidentiary record and/or Dr. Palmer's own "treatment notes"—without more—is too general for a court to identify the specific evidence on which he relied and precludes meaningful appellate review. *See King v. Comm'r of Soc. Sec.,* No. 9:21-CV-85-MAC, 2023 WL 2657642, at *6 (E.D. Tex. Mar. 9, 2023),

R. & R. adopted, No. 9:21-CV-85, 2023 WL 2652236 (E.D. Tex. Mar. 24, 2023) (remanding where ALJ found medical opinion evidence "not persuasive because it was inconsistent with and unsupported by the objective evidence [as a whole]"); *Yaw v. Comm'r of Soc. Sec.*, No. 9:21-CV-59-TH, 2023 WL 1871124, at \*4 (E.D. Tex. Jan. 18, 2023), R. & R. adopted No. 9:21-CV-59, 2023 WL 1868188 (E.D. Tex. Feb. 9, 2023) (remanding where ALJ concluded that medical opinion evidence is only "somewhat persuasive" because it is "inconsistent with the record as a whole"); *Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-01122-O-BP, 2022 WL 1008039, at \*3 (N.D. Tex. Mar. 14, 2022), R. & R. adopted 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022); *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585 (S.D.N.Y. 2022) (holding that the ALJ's explanation is not sufficient where he cited to some "objective medical evidence in the record" and simply concluded that an opinion is "consistent with other evidence in the file") (internal citations omitted); *Brianne S. v. Comm'r of Soc. Sec.*, No. 19-CV-1718 (FPG), 2021 WL 856909, at \*5 (W.D.N.Y. Mar. 8, 2021) (remanding where ALJ summarily concluded that examining physician's opinion is inconsistent with overall medical evidence).

First, even though ALJ Helget made a vague reference to Dr. Palmer's treatment notes, he should have referred more precisely to what *specific* evidence was conflicting (and on which he relied). Without which, the undersigned must speculate as to the evidence and reason behind ALJ Hebert's persuasiveness finding. Therefore, his explanation fails the specificity required under § 404.1520c.

Second, the treatment notes relied on by Dr. Palmer do not contradict the assessment he indicated on the *Physical Assessment Form* (Tr. 354-55). As Williamson correctly noted in her brief, Dr. Palmer's examination notes chronicled objective findings consistent with his opined limitations. (Tr. 302, 320) (treatment notes state that Williamson complains of constant pain that

worsens with any activity, including prolonged sitting and standing); (Tr. 310) (treatment notes from March 2018 examination revealed positive tenderness throughout the lumbar spine); (Tr. 345) (treatment notes from July 10, 2019 examination revealed tenderness and tenseness of the paracervical muscles with decreased extension; some tenderness to the upper trapezius; and some tenderness with palpation of the L5- S1 midline and paravertebral areas bilaterally, with decreased forward flexion); (Tr. 376) (treatment notes from December 23, 2019 examination of the neck document tenderness and tenseness to the paracervical muscles, with decreased extension, and examination of the back showed tenderness to the midline and paravertebral areas, as well as some tenderness to the right buttock area and some decreased forward flexion). In addition to chronic cervicalgia and low back pain, Dr. Palmer also diagnosed Williamson with sciatica, and ALJ Helget found that the medical evidence of record supported his diagnoses of severe degenerative disc disease of the cervical and lumbar spines, sciatica, osteoarthritis in multiple joints, and neuropathy impairments. (Tr. 18 and 377.)  Further, a cervical MRI showed severe right neural foraminal narrowing at C5-C6 and left neural foraminal stenosis, and a lumbar MRI showed degenerative changes and a disc protrusion at L4-5.  (Tr.  303, 312-13.)

## VI.  CONCLUSION

ALJ Helget was required, at a minimum, to articulate his consideration of two factors—supportability and consistency—in considering Dr. Palmer's medical opinion evidence.  *Hearn v. Kijakazi*, No. 4:21-CV-562-SDJ-KPJ, 2022 WL 4477340, at *6 (E.D. Tex. Aug. 30, 2022), R. & R. No. 4:21-CV-562-SDJ-KPJ, 2022 WL 4474251 (E.D. Tex. Sept. 26, 2022) (remanding where ALJ did not satisfy the articulation requirements for evaluation of medical source opinions when he used boilerplate language).  He failed to do so.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Williamson must show she was prejudiced by ALJ Helget's error to achieve remand. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). In other words, Williamson must demonstrate that the ALJ's error was not harmless. "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015).

"Unless the ALJ explains why he rejected [the physician's] medical opinion, the court can never determine whether he applied correct legal standards and reached a decision substantial evidence supports." *Ladarrah W. v. Kijakazi*, No. 3:22-CV-00951-K-BT, 2023 WL 5156339, at *5 (N.D. Tex. July 20, 2023), R. & R. adopted, No. 3:22-CV-951-K, 2023 WL 5158047 (N.D. Tex. Aug. 10, 2023). Accordingly, this case should be remanded for further proceedings so that the ALJ can provide this mandatory explanation.

Furthermore, because remand is appropriate on the grounds presented in Williamson's first argument, the court pretermits discussion of her remaining point of error. Williamson can raise these arguments before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## VII. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2). A party who objects to this report is

entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

11